TOWN OF NORTH HEMPSTEAD, Respondent, *v.* PUBLIC SERVICE CORPORATION OF LONG ISLAND, Appellant.

*Gas and electricity — franchise — penalties — action to recover penalties for failure by gas company to extend its mains pursuant to notice from town authorities.*

*Town of North Hempstead* v. *Public Service Corp.,* 200 App. Div. 44, affirmed.

(Argued March 15, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 21, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was brought to recover liquidated damages for violations by defendant of certain conditions of its franchise in failing to extend its gas mains in certain highways in the town. These conditions in substance required the defendant within three months after service of written notice to extend its mains, etc., in any highway within the town designated in the notice, but that it should not be required to lay more than three miles of pipe during any one year, except under certain circumstances not material here, and upon its failure to comply

with this condition, to pay for each failure or neglect the sum of $1,000 liquidated damages. On March 22, 1920, the town served upon defendant a notice to lay a main along a portion of Bayview avenue, at Manhasset. On April 19, 1920, it served notice to lay a main on High street at Port Washington. On May 12, 1920, it served notice to lay a main on Fulton street at Westbury. None of these mains was laid within three months, and the town commenced this action under the provision above referred to, to recover for such failure on the part of the defendant.

*Charles S. Whitman, J. Edward Murphy* and *Jacob H. Goetz* for appellant.

*James L. Dowsey* and *Erastus J. Parsons* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND and ANDREWS, JJ. Dissenting: MCLAUGHLIN, J. CRANE, J., dissents as to the first cause of action on the ground that the order of the public service commission was improperly excluded. Absent: HISCOCK, Ch. J.